IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BANK OF AMERICA, N.A, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 12-CV- 916-MJR-DGW |
| LARITA RICE, VILLAGE OF SAUGET, U.S. BANK NATIONAL ASSOCIATION, AND UNKNOWN PARTIES, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 26), recommending that this case be dismissed with prejudice. The Report and Recommendation was entered on September 17, 2013, and included a Notice that any objections were due within fourteen days of service. Plaintiff filed an objection to the Report and Recommendation on October 10, 2013 (Doc. 29).

Background

In this foreclosure action, Plaintiff, Bank of America, seeks to foreclose on a mortgage executed by Defendant Rice. In addition to naming Rice, Plaintiff also named

four lien holders with respect to the property, two of which were the Secretary of Housing and Urban Development ("HUD") and the United States of America ("USA"). On August 16, 2012, this case was removed to this Court from St. Clair County by HUD and USA (Doc. 5). HUD and USA have since been voluntarily dismissed by Plaintiff pursuant to Rule 41(a)(2) (*See* Doc. 23). HUD and USA were the only defendants that have answered or appeared in this action (Doc. 13), however, Plaintiff has not sought default as to any defendant.

On September 17, 2013, Magistrate Judge Donald G. Wilkerson held a settlement conference in which Plaintiff failed to appear (Doc. 25). In light of this, Magistrate Judge Wilkerson issued an Order to Show Cause directing Plaintiff to explain why the case should not be dismissed (*See* Doc. 24). Plaintiff did not respond to the show cause order.

On September 1, 2013, Magistrate Judge Wilkerson issued a Report & Recommendation, recommending that we dismiss this matter with prejudice due to Plaintiff's failure to appear at the settlement conference, failure to respond to the show cause order, and failure to timely serve the remaining defendants. On October 4, 2013, however, Plaintiff filed an objection to the Report & Recommendation (Doc. 29). In the objection, Plaintiff explains that it has timely served each of the remaining defendants in this action, attaching supporting documentation (Doc. 29-1). Plaintiff further explains that it missed the previous hearings and court deadlines because its former counsel,

Robert Deisinger, left the law firm of Pierce & Associates and no one was substituted in as counsel.

New counsel, attorney Nickolas A. Schad, has now been assigned to Plaintiff's case and he entered his appearance on October 4, 2013 (Doc. 27). Plaintiff requests that the Court permit the matter to proceed, in order to allow Plaintiff to move for default against the remaining defendants. Plaintiff further requests that, in the alternative and given the dismissal of HUD, that the case be remanded back to St. Clair County. Lastly, Plaintiff requests that if the Court deems dismissal warranted, to dismiss without prejudice to allow Plaintiff to re-file in state court.

Discussion

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)B), (C), FED. R. CIV. P.72(b); SDIL-LR 73(1)(b);** *Harper v. City of Chicago Heights* **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers***, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may accept, reject, or modify the magistrate judge's recommended decision." *Harper***, 824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'" *Id.***,** *quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8 at p.55 (1st ed. 1973) (1992 Pocket Part) (emphasis added)**.

On August 16, 2012, HUD removed the action to this Court under 28 U.S.C. § 1442 (federal officers or agencies sued or prosecuted) (Doc. 5). An action affecting property on which the United States has a lien may be removed by the United States. **28 U.S.C. §§ 1444 and 2410**; *see also City of Joliet, Ill. v. New West, L.P.*, **562 F.3d 830, 833 (7th Cir. 2009) ("[T]he presence of the national government as a party with a security interest in the real estate supplies jurisdiction.")**. Specifically, a civil action commenced in state court against the United States or any agency thereof may be removed by the United States pursuant to 28 U.S.C. § 1442(a). Thus, the only basis for removal here was the existence of the United States as a defendant and its lien on the property at issue.

As a general principle, jurisdiction once properly invoked is not lost by developments after a suit is filed. *See Cunningham Charter Corp. v. Learjet, Inc.*, **592 F.3d 805, 807 (7th Cir. 2010)**. However, when all of the federal claims that authorized removal drop out of the case before trial, under 28 U.S.C. § 1367(c)(3) it is within the Court's discretion whether to remand the existing state-law claims to state court. *See Helms v. Atrium Health Care & Rehab. Ctr. of Cahokia, LLC,* **Civil No. 10–547, 2010 WL 3937606, at *5 (S.D. Ill. Oct. 5, 2010)**. Thus, when the United States' presence as a party to the case was the basis for removal, and is later dismissed as a party, then it is within the Court's discretion whether to remand the existing state-law claims to state court. *See U.S. Bank Nat. Ass'n v. Maggio*, **No. 11-cv-846, 2011 WL 6180454, at *2 (S.D. Ill. Dec. 13, 2011)**. In deciding whether to decline jurisdiction over remaining claims when no

original jurisdiction claims remain pending, a district court should consider judicial economy, convenience, fairness and comity. ***Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988))**.

The Court has considered the relevant factors and determines that none of them favor the retention of jurisdiction. For example, the United States, the only party requesting a federal forum, has been dismissed as a party and none of the other parties have opposed a remand. Plaintiff will not be time-barred if the Court declines to exercise jurisdiction as Plaintiff's claims will simply to return to state court where they were filed and proceed in that court. Further, due to Plaintiff's failure to participate in this litigation, this case is still in an early stage, and thus the Court finds that remand is proper.

<u>Conclusion</u>

The Court **ADOPTS in part** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 26). Rather than dismissing the case with prejudice, the Court **REMANDS** this action, pursuant to 28 U.S.C. § 1447(c), to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction. The Clerk of the Court is directed to transmit a certified copy of this Order to the clerk of the state court and to close the file of this case on the Court's docket.

IT IS SO ORDERED.

DATED: December 3, 2013

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge